UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
03-10381-NG

UNITED STATES OF AMERICA

v.

MARY ELLEN LABRECQUE

ORDER

October 5, 2004

COHEN, M.J.

    This case was called for a Final Status Conference.  Counsel for the defendant, on the one hand, indicated that she sought to have this case returned to the district judge to whom this case is assigned for trial, and, on the other, indicated that she had not completed review of all the information - to wit, defendant's entire Social Security file[1] - that she sought to review prior to trial.  This court indicated that it would report the case back to the district judge for trial if the defendant stipulated that, once so reported, the defendant would not seek further delay on account of her failure to inspect that

---

[1] We understand that the government has made available all of that file insofar as it relates to this case.  Counsel for the defendant has said nothing as to the relevance of the entire file.

Social Security file, and if the defendant stipulated that, once so reported, the defendant would not be seeking further relief in terms of discovery.  The defendant, by and through counsel, refused to so stipulate.

Under our Local Rules, as amended, criminal cases are referred to magistrate judges for completion of pretrial matters, other than dispositive motions, with a view toward returning the case to the district judge when the case is ready for trial or for disposition of dispositive motions.  This case is no different.

For this reason, this case is continued to October 14, 2004, at 3:15 p.m.,for a Final Status Conference after the defendant has completed her inspection of her Social Security file.  In the meantime, this court further finds and concludes, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice--*i.e.*, in this case, to provide the defendant additional time within which to complete review of information which is otherwise available to her without order of this court -- outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1,

1980), the Clerk of this Court enter excludable time, commencing October 5, 2004,, and concluding October 14, 2004.[2]

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]   The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).