UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>    )<br>v.    )<br>    )<br>MARY ELLEN LABRECQUE, )<br>    a/k/a ELLEN LABRECQUE )<br>    Defendant. )<br>_____) | CR No. 03-CR10381 NG |

## DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

The defendant moves, pursuant to F.R.Crim.P. 7(f), that the Court order the government to file a bill of particulars in this case:

**1. As to Count One, specifying the acts which the government alleges the defendant committed which constitute a violation of 18 U.S. C. §641.**

Count One, as drafted, alleges that the defendant, "[f]rom on or about May of 1999 continuing until on or about July 2003," "did embezzle, steal, forge, purloin and knowingly covert [sic] to her own use," money . . . "of the Social Security Administration." This allegation does not "enable [the defendant] to prepare [her] defense, to avoid surprise at trial, [or] to protect against double jeopardy." United States v. Abreu, 952 F.2d 1458, 1479 (1st Cir. 1992). The various articulated means of committing theft entail different sets of elements. Other counts of the indictment allege false statements (Counts Two and Four) and concealment of material facts (Counts Three and Five). It is impossible to determine from the indictment as drawn whether Count One is based upon the acts alleged in the other counts, or some other acts which are not specified. See e.g. United States v. Kovolas, 1998 WL 452218 (D. Mass. 1998)(particulars required where count charging mail fraud conspiracy did not "specify the alleged mail fraud.")

**2. As to Count Two, specifying the nature of the falsity and what the government alleges to have been the truth.**

The defendant is entitled to have these matters alleged with particularity, United States v. Slawik, 548 F.2d 75 (3d Cir. 1977); United States v. Tonelli, 577 F.2d 194, 200 (3d Cir. 1978); United States v. Vesaas, 586 F.2d 101, 104-04 (8th Cir. 1978); United States v. Eddy, 737 F.2d 564, 570 (1984), at least where they are not "self-evident" on the face of the indictment, e.g. United States v. Serola, 767 F.2d 364, 370 (7th Cir. 1985).  See United States v. Butt, 745 F. Supp. 34, 36 (D. Mass. 1990).  Count Two alleges that defendant made false statements when she represented her work history to consist of "working part-time three days per week during the months of May through July 2001 and working two to three days per week during the months of September through December 2001, earning $21.00 per hour."  The indictment does not allege which of these facts are false, or what the government alleges the true facts to have been.

**3.  As to Count Three, specifying the nature of any "trick, scheme, or device, by which the government alleges the defendant committed the offense.**

Count Three fails to alleged any "trick, scheme, or device," which is an essential element of the offense in addition to concealment.  United States v. Woodward, 469 U.S. 105, 108 (1985).  If the government does allege any such affirmative act, it is obliged to inform the defendant of it with specificity.

**4.  As to Count Five, specifying the nature of any "trick, scheme, or device, by which the government alleges the defendant committed the offense.**

Count Five likewise fails to allege any "trick, scheme, or device," an essential element of the offense.

Respectfully submitted,

/s/ Max D. Stern
Max D. Stern
BBO No. 479560
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: April 7, 2005

G:\SSWG\LABRECQUE\Bill of particulars mot.wpd