UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>                            )<br>    v. )<br>                             )<br>MARY ELLEN LABRECQUE, )<br>    a/k/a ELLEN LABRECQUE )<br>    Defendant. )<br>_____) | CR No. 03-CR10381 NG |

**MOTION TO DISMISS INDICTMENT**

The defendant hereby moves to dismiss the indictment. In support she says as follows:

**1. As to Count One,** the indictment is insufficiently particular to enable the her to prepare her defense or protect her double jeopardy rights, in violation of her Fifth and Sixth Amendment rights. See Russell v. United States, 369 U.S. 749, 763-69 (1962); United States v. Tomasetta, 429 F.2d 978 (1st Cir. 1970). Count One, as drafted, alleges that the defendant, "[f]rom on or about May of 1999 continuing until on or about July 2003," "did embezzle, steal, forge, purloin and knowingly covert [sic] to her own use," money . . . "of the Social Security Administration." The various articulated means of committing theft entail different sets of elements. Other counts of the indictment allege false statements (Counts Two and Four) and concealment of material facts (Counts Three and Five). It is impossible to determine from the indictment as drawn whether Count One is based upon the acts alleged in the other counts, or some other acts which are not specified.

**2. As to Count Two:**

(a). The indictment alleges that defendant made false statements when she represented her work history to consist of "working part-time three days per week during the months of May through July 2001 and working two to three days per week during the

months of September through December 2001, earning $21.00 per hour." The indictment does not allege which of these facts are false, or what the government alleges the true facts to have been. The defendant is entitled to have these matters alleged with particularity, <u>United States v. Slawik</u>, 548 F.2d 75 (3d Cir. 1977); <u>United States v. Tonelli</u>, 577 F.2d 194, 200 (3d Cir. 1978); <u>United States v. Vesaas</u>, 586 F.2d 101, 104-04 (8th Cir. 1978); <u>United States v. Eddy</u>, 737 F.2d 564, 570 (1984), at least where they are not "self-evident" on the face of the indictment, e.g. <u>United States v. Serola</u>, 767 F.2d 364, 370 (7th Cir. 1985). See <u>United States v. Butt</u>, 745 F. Supp. 34, 36 (D. Mass. 1990).

(b). Furthermore, since it is not clear what facts the government alleges to be false, it is impossible to tell whether the count alleges one or more offense, and thus to tell whether the count is duplicitous. See ¶4, below.

**3. As to Count Three,** the indictment fails adequately to state an offense. The indictment charges a concealment of material facts in violation of 18 U.S.C. §1001. However, the indictment fails to allege any "trick, scheme, or device," which is an essential element of the offense <u>in addition to</u> concealment. <u>United States v. Woodward</u>, 469 U.S. 105, 108 (1985).

**4. As to Count Four,** the indictment is invalid for duplicity, which is "the joining in a single count of two or more distinct and separate offenses." <u>United States v. Verrecchia</u>, 196 F.3d 294, 297 (1st Cir. 1999); <u>United States v. Valerio</u>, 48 F.3d 58, 63 (1st Cir. 1995); <u>United States v. Canas</u>, 595 F.2d 73, 78-79 (1st Cir. 1979). This count alleges two offenses, to wit, that defendant represented that "(1) she was unemployed from May 1998 until May 2001 and (2) for each month from May 2001 through December 2001, she earned less than $300.00 per month from her employment."

  **5. <u>As to Count Five</u>,** the indictment fails adequately to state an offense.  The indictment charges a concealment of material facts in violation of 18 U.S.C. §1001.  However, as with Count Three, the indictment fails to allege any "trick, scheme, or device."

  **6. <u>As to Count Six</u>,** the indictment is invalid for duplicity.  Count Six alleges two offenses, to wit, that the defendant represented that "(1) from the Spring of 2001 until January 2002, she earned less than $10,000 working for the Commonwealth of Massachusetts, Department of Environmental Protection ("DEP") and (2) she stopped working at the DEP in approximately January 2002 and was unemployed form [sic] January 2002 until she left the United States fro England in August 2002."

              Respectfully submitted,

              */s/ Max D. Stern*
              Max D. Stern
              BBO No. 479560
              Stern, Shapiro, Weissberg
               & Garin, LLP
              90 Canal Street, Suite 500
              Boston, MA 02114-2022
              (617) 742-5800

Dated: April 7, 2005

G:\SSWG\LABRECQUE\dismiss mot.wpd