UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,   )
      Plaintiff,                               )
                                 )
              v.                         )                CR No. 03-CR10381 NG
                                 )
MARY ELLEN LABRECQUE,       )
      a/k/a ELLEN LABRECQUE )
      Defendant.                           )
_____)

## DEFENDANT'S MOTION FOR AUTHORIZATION TO SELL PROPERTY

Defendant seeks an order authorizing her: (a) to sell her property at 25 Barton Street, Newburyport, for not less than $197,808; (b) to deposit $34,000 of the proceeds with the Court as security for her appearance, in place of the current mortgage securing her appearance; and (c) to deposit a further $34,808 in escrow, pending further order of the Court, in place of the current lis pendens.  In support thereof, defendant says as follows:

1.  She is the owner of a home at 25 Barton Street, Newburyport.

2.  The property is worth approximately $315,000.

3.  The property is subject to a first mortgage of $102,000 and a second mortgage of $29,000.  Defendant gave a third mortgage in the amount of $34,000 to the Clerk of this Court as security for her appearance.

4.  The property is further subject to a lis pendens in the amount of $34,808, recorded by the government, reciting the government's intent to seek forfeiture of the property as a substitute asset.

5.  Defendants needs the proceeds of the sale in order to pay for her defense.

6.  Defendant proposes to sell the property for not less than $197,808.  This will enable her to pay off the first and second mortgages, to deposit $34,000 with the court to replace the mortgage securing her appearance, and to deposit another $34,808 in escrow, representing the amount recited in the lis pendens.  The Court may then make appropriate orders concerning disposition of the latter escrow amount.[1]

Respectfully submitted,

/s/ Max D. Stern
Max D. Stern
BBO No. 479560
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: April 7, 2005

G:\SSWG\LABRECQUE\Motion to sell property.wpd

---

[1]  Defendant does not believe that the government has a right to a lis pendens where its sole basis for forfeiture is as a substitute asset.  See Memorandum and Order on Griffin's Motion to Remove Lis Pendens, United States v. Michael S. Griffin, No. 03-10404-NG (Dein, U.S.M.J., Feb. 16, 2005) (pending on review of government's objections).  Rather than litigating that issue now, however, defendant proposes to sell the property and to deposit the entire amount represented by the lis pendens with the Court.  The defendant and the government may then file appropriate motions with respect to the escrow amount and the Court may then determine the proper disposition of the funds pending judgment in the case.