UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>    )<br>    v. )<br>    )<br>MARY ELLEN LABRECQUE, )<br>    a/k/a ELLEN LABRECQUE )<br>    Defendant. )<br>_____) | CR No. 03-CR10381 NG |

**DEFENDANT'S EMERGENCY MOTION FOR AN ORDER
PROHIBITING THE GOVERNMENT FROM ABUSING
THE GRAND JURY AND FOR OTHER APPROPRIATE RELIEF**

Defendant requests that this Court issue an order prohibiting the government from utilizing the grand jury to prepare for the trial of this case. Defendant requests that the Court grant defendant an immediate hearing on this motion. In support thereof, defendant says as follows:

1. It is very well settled that the government is not permitted to use the grand jury where its sole or predominant purpose is to gather evidence for trial of an already indicted case. This is an abuse of the grand jury process. United States v. Doe, 455 F.2d 1270, 1274 (1st Cir. 1972); In re Grand Jury Proceedings (Fernandez Diamante), 814 F.2d 61, 70-71 (1st Cir. 1987); United States v. Flemmi, 245 F.3d 24, 28 (1st Cir. 2001). Nevertheless, this appears to be precisely what the government is now doing in this case.

2. The defendant was indicted on December 16, 2003. She is charged with theft of Social Security disability benefits and five counts of false statements to the Social Security Administration or to Social Security investigators. The defendant suffers from Bipolar Disorder,

and received disability benefits on account of this disease diagnosis between 1996 and 2003.[1]

    3. On or about March 21, 2005, the government supplied to defense counsel a package of information which, it represented, had recently been received from several British sources. These included records of her attendance at the University of Nottingham, in 1999-2000, where she earned an LLM. degree and records of the University of London, where she was a teaching fellow in 2002-03. The prosecutor represented to defense counsel that the purpose of these documents would be to negative any defense based upon the defendant's mental condition. Among the documents in the package, was a copy of a letter of recommendation to the University of London, in June 2002, written by one Kathleen Kugelmann. (Affidavit of Max D. Stern, ¶3)

    4. Ms. Kugelmann is a long-standing friend of the defendant and an Assistant General Counsel of the Massachusetts Department of Mental Health.

    5. On March 30, 2005, this Court entered an order setting the trial date for June 6, 2005.

    6. On April 6, two IRS agents appeared at Ms. Kugelmann's place of work. She was not there, but in an ensuing telephone call, Special Agent Blackmore told her that she was a "potential witness in a grand jury investigation involving [Ms.] LaBrecque." He said that they wanted to know about a letter of recommendation she had written on [Ms. LaBrecque's] behalf, and to know "what [she] could tell [them] about her as a person." (Affidavit of Kathleen Kugelmann, ¶3)

---

[1] In light of defendant's mental disorder, the government, pursuant to F.R.Crim.P. 12.2(b), has moved, and the Court has ordered, that the defendant provide notice as to whether she will offer expert testimony concerning her mental condition.

7. On April 7, Ms. Kugelmann left a message for the IRS agent to the effect that she was willing to meet with them but, in view of the pending charges, she thought it fair to allow Ms. LaBrecque's counsel to be present as well. Mr. Blackmore then left the following voice mail reply:

> "If I understand your message right, you're requesting that as part of our investigation that we meet with you and MaryEllen LaBrecque's attorney at the same time. Well, this is a grand jury investigation and if you feel uncomfortable talking with just us that's fine. What we'll do is deliver a grand jury subpoena and can just testify in grand jury. If you would prefer to do it some other way, and we would prefer and we would actually want to speak with you and only you and not with Ms. LaBrecque or anybody else [emphatically] present unless you decide you want a lawyer. Otherwise we'll just deliver a grand jury subpoena. I can reached at ..... 617-201-4117 and if I don't hear from you I will assume you do not wish to speak with us and I'll see you sometime next week."

(Affidavit of Kathleen Kugelmann, ¶7)

8. It is perfectly evident from the above that the grand jury is being used to gather evidence for the trial in this case. It is far more than a coincidence that, almost a year and a half since indictment, but less than two months before the trial in this case, the grand jury is investigating the very matters, documents, and witnesses which will be at issue in that trial. This is clearly an abuse of the grand jury.

Defendant requests that this Court:

1. Hold an immediate hearing on this motion;

2. Prohibit the government from utilizing the grand jury to investigate matters related to this case;

3. Prohibit the government from causing a grand jury subpoena to be issued to Kathleen Kugelmann;

4. Order the government to disclose to the Court and defense counsel:

    a. The matters which the government purports that the grand jury is currently investigating;
    b. The date the current grand jury investigation was opened;
    c. The name of every witness subpoenaed to the grand jury or called before the grand jury since the opening of this current investigation
    d. The transcript of the testimony of each witness called before the grand jury during the course of this investigation.

5. Suppress all evidence obtained as a result of the government's abuse of the grand jury.

                                  Respectfully submitted,

                                  /s/ *Max D. Stern*
                                Max D. Stern
                                BBO No. 479560
                                Stern, Shapiro, Weissberg
                                 & Garin, LLP
                                90 Canal Street, Suite 500
                                Boston, MA 02114-2022
                                (617) 742-5800

Dated: April 8, 2005.
G:\SSWG\LABRECQUE\grand jury abuse motion.wpd