```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
     v.                       )    Criminal No. 03-10381-NG
                              )
MARY ELLEN LABRECQUE,         )
     a/k/a ELLEN LABRECQUE,   )
                              )
     Defendant.               )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR AN ORDER PROHIBITING THE GOVERNMENT FROM ABUSING THE GRAND JURY AND FOR OTHER APPROPRIATE RELIEF AND MOTION TO SUBMIT EX PARTE SUBMISSION**

The United States of America, by Michael J. Sullivan, United States Attorney, and B. Stephanie Siegmann, Assistant United States Attorney for the District of Massachusetts, hereby opposes Defendant's Emergency Motion for an Order Prohibiting the Government from Abusing the Grand Jury and for Other Appropriate Relief. The Government also moves to file an ex parte submission in response to the Defendant's motion.

As grounds for this opposition, the Government states that in her motion, the defendant Mary Ellen LaBrecque a/k/a Ellen LaBrecque (the "Defendant") alleges the Government has engaged in "abuse of the grand jury process" by using the grand jury for the "sole or predominant purpose" of "gather[ing] evidence for trial of an already indicted case." This allegation is factually unsupported and erroneously assumes the Defendant's desired conclusion -- that the Government's purpose in conducting a post-

1

indictment grand jury investigation was trial preparation. The Defendant fails to point to any specific misconduct on the part of the Government. The Defendant's allegation presumes the Government abused the grand jury process by the fact that federal agents attempted to interview Kathleen Kugelman and mentioned the possibility of a grand jury subpoena being issued for her testimony. The Defendant's motion is thus flawed procedurally and substantively. The Defendant's motion and requests for relief should therefore be denied.

As the First Circuit Court instructed four years ago in <u>United States v. Flemmi</u>, 245 F.3d 24, 28 (1st Cir. 2001), "courts afford grand jury proceedings a presumption of regularity . . . even after the grand jury has returned an initial indictment." In so doing, the Court noted that superseding indictments adding new charges or defendants are "familiar fare." <u>Id.</u> Accordingly, a party asserting a claim of grand jury abuse must meet a heavy burden. <u>Id.</u> (citations omitted). A broad allegation that the grand jury is conducting a subsequent investigation within months before trial is insufficient to meet this burden. It is clear that the government cannot use grand jury "for the primary purpose" of preparing the pending charges for trial. <u>In re Grand Jury Proceedings</u> (Fernandez Diamante), 814 F.2d 61, 70 (1st Cir. 1987). The grand jury, however, is not abused when it is primarily investigating additional crimes other than those for

which the defendant was initially indicted.

LaBrecque's bare bones allegation utterly fails to meet her burden.  On the merits, LaBrecque's claim fails as well.  In order to protect the secrecy of the grand jury, and in conformance with Rule 6(e) of the Federal Rules of Criminal Procedure, the Government respectfully requests leave to submit the attached memorandum ex parte.  It explains the Government's purpose in pursuing matters before the grand jury, which, although confidential, would be helpful to the Court in ruling on the Defendant's Motion.

                                           Respectfully submitted,

                                           MICHAEL J. SULLIVAN
                                           United States Attorney

                              By:   /s/ B. Stephanie Siegmann
                                           B. Stephanie Siegmann
                                           Assistant U.S. Attorneys

Dated:  April 20, 2005

<u>CERTIFICATE OF SERVICE</u>

    I do hereby certify that a copy of foregoing opposition was served upon the counsel listed below by electronic notice on this 20th day of April 2005:

        Max D. Stern, Esq.

        <u>/s/ B. Stephanie Siegmann</u>
        B. Stephanie Siegmann
        Assistant U.S. Attorney