```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
     v.                       )    Criminal No. 03-10381-NG
                              )
MARY ELLEN LABRECQUE,         )
     a/k/a ELLEN LABRECQUE,   )
                              )
     Defendant.               )
```

**<u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

The United States of America, by Michael J. Sullivan, United States Attorney, and B. Stephanie Siegmann, Assistant United States Attorney for the District of Massachusetts, hereby opposes Defendant's Motion to Dismiss.  With the exception of Counts Three and Five, the indictment sufficiently alleges offenses under 18 U.S.C. §§ 641 and 1001.  Further, any deficiency in Counts Three and Five has been corrected by the Superseding Indictment filed on April 20, 2005.

An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and second, enables to plead an acquittal or conviction in bar of future prosecution for the same offense."  <u>United States v. Serino</u>, 835 F.2d 924, 929 (1st Cir. 1987).  Counts 1, 2, 4, and 6 of the original indictment meet this standard.

As to Count One, the Defendant complains that the Government has articulated different means of committing theft in one count.  This is not a valid basis to dismiss Count One.  The First

Circuit has repeatedly recognized that

> Where a statute . . . sets forth several different means by which an offense may be committed, it is permissible for a count in an indictment to allege all or several of these means in the conjunctive.

United States v. Garcia-Torres, 341 F.3d 61, 66 (1st Cir. 2003) (quoting United States v. Barbato, 471 F.2d 918, 922 n. 3 (1st Cir. 1973).  Other courts have specifically applied this rationale to Section 641 and held that this statute prescribes several different methods (embezzle, steal, purloin, convert, or sell) of committing one offense.  Accordingly, an "indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense. . ."  See, e.g., United States v. Burton, 871 F.2d 1566, 1573 (11th Cir. 1989) ("acts of embezzling and converting government property simply constitute two separate ways in which a violation of 18 U.S.C. § 641 may occur, not two separate crimes").

The Defendant alleges Counts 2, 4, and 6 are duplicitous.  These counts all charge the Defendant with making false statements on three different dates, constituting three separate transactions.  Counts 2 and 4 involve false statements made on documents.  Count 2 involves false statements made on a Report of Continuing Disability dated December 1, 2001 about the Defendant's work history.  Count 4 involves false statements made in a letter, which again describes the Defendant's work history (the Defendant describes her work history different in this letter dated April 1, 2002 than the form dated December 1, 2001).

Count 6 involves false statements made orally to federal agents. These statements again involved the Defendant's work history. If a document contains numerous false statements, the government is not prohibited from charging more than one false statement in a single count. See United States v. Meuli, 8 F.3d 1481, 1486 (10th Cir. 1993) (similar false statements made in each document charged as separate offenses). Similarly, multiple statements made during a single meeting can by analogy also can be charged in a single count. At trial, the government need only prove one of the statements was false to obtain a conviction. See United States v. Holley, 942 F.2d 916, 929 (5th Cir. 1991) (failure to give unanimity instruction reversible error where perjury count alleged multiple false statements). If the government were to charge every false statement in a separate count even when such statements occurred in the same transaction, the Defendant would have a basis to argue the indictment was multiplicious. See Fischer v. United States, 231 F.2d 99, 103 (9th Cir. 1956)("Doubt should be resolved against turning a single transaction into a multiple offense.").

As indicated above, any deficiency in Counts 3 and 5 has been corrected by the Superseding Indictment.

For the reasons stated above, the Government respectfully requests that Court deny the Defendant's Motion to Dismiss.

                                        Respectfully submitted,
                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                            By:   /s/ B. Stephanie Siegmann
                                        B. Stephanie Siegmann
                                        Assistant U.S. Attorney

Dated: April 21, 2005

CERTIFICATE OF SERVICE

    I do hereby certify that a copy of foregoing opposition was served upon the counsel listed below by electronic notice on this 21st day of April 2005:

        Max D. Stern, Esq.

                /s/ B. Stephanie Siegmann
                B. Stephanie Siegmann
                Assistant U.S. Attorney