```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
     v.                         )    Criminal No. 03-10381-NG
                                )
MARY ELLEN LABRECQUE,           )
     a/k/a ELLEN LABRECQUE,     )
                                )
     Defendant.                 )
```

### GOVERNMENT'S MOTION FOR MENTAL EXAMINATION OF DEFENDANT PURSUANT TO RULE 12.2

The United States, by and through Michael J. Sullivan, and B. Stephanie Siegmann, Assistant United States Attorney for the District of Massachusetts, hereby moves pursuant to Fed. R. Crim. P. 12.2(c) and 18 U.S.C. §§ 4241 and 4242, that an independent psychiatric examination of the defendant be conducted by Russell Vasile, M.D., a licensed psychiatrist and Director of the Affective Disorders Program at Beth Israel Deaconess Medical Center, for purposes of: (1) determining whether the defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense; and (2) determining whether the defendant suffered from a mental disease or defect or mental condition bearing on the issue of her guilt for the crimes with which she is charged and/or bearing on her ability to understand the wrongfulness of her behavior or to control behavior she knew

1

was wrongful.  The power of the court to issue such an order falls within its inherent authority.  See United States v. McSherry, 226 F.3d 153, 155-57 (2d Cir. 2000) (courts possess inherent authority to order mental examination of defendants where defense intends to rely on expert testimony concerning defendant's mental state); see also United States v. Holdaway, No. 99-10205-RCL, 1999 WL 1076114, *3 (D. Mass. Nov. 17, 1999), aff'd, 1999 WL 1332309 (D. Mass. Dec. 22, 1999)(concluded courts have inherent authority to order mental examination of defendant after notice provided pursuant to Rule 12.2(b) although recognizing split of authority on this issue); cf. United States v. Stackpole, 811 F.2d 689, 697 (1st Cir. 1987) (noting that government's request for mental examination of defendant after receiving notice of a possible mental competency defense was proper).

As grounds for the motion, the government states that by letter dated April 12, 2005, the defendant's counsel provided notice of intent to introduce expert testimony relating to mental condition at trial pursuant to Fed. R. Crim. P. 12.2(b).  This notice stated, in pertinent part:

> Defendant expects to call Michael Bennett, M.D. as an expert witness at trial.  Dr. Bennett will testify on the basis of his knowledge of the defendant, which he has obtained in the course of his care and treatment since in or about 1992.  Without limitation, he is expected to testify as follows: She has a diagnosis of Bipolar Disorder. . . . Her disorder involves mood swings, including both depressed and

> manic states.  When suffering from a mood swing, and
> for a significant time afterward, the defendant would
> have impairment of her cognitive functions, including
> an inability to focus, distractability, and a tendency
> to be overly spontaneous, careless, and impulsive. . . .
> In Dr. Bennett's opinion, the defendant, at various
> times, depending on the extent of her symptoms at the
> time, would be unable to form the mental state necessary
> to make a wilfully and knowingly false statement.

It is unclear to the government how Dr. Bennett has reached the conclusion that the defendant, at various undefined times, has been unable to form the mental state necessary to willfully and knowingly make false statements.

The government seeks an independent psychiatric examination regarding defendant's mental condition both to assure that she is capable of standing trial and also to assess whether and to what extent any mental condition the defendant may have suffered at the time the crime was committed bears on the issue of his guilt. Accordingly, the government believes that a forty-five (45) day period should be sufficient time period for Dr. Vasile to perform his mental examination of the defendant and prepare his report.

The government also requests that the defendant be required to provide the necessary releases to the government to obtain all of defendant's psychiatric and psychological treatment records. On April 13, 2005, the government requested copies of the Dr. Bennett treatment records of the defendant "since in or about 1992." The defendant has refused to provide these records to the government on the basis that no reports or results of mental

examination as defined by Fed. R. Crim. P. 16(b)(1)(B) exist. The defense counsel indicated that any treatment notes are not discoverable.  The government disputes this reading of the rule.  If the treatment records constitute the basis of the testimony of Dr. Bennett, the defendant is required to produce them to the government.  Further, the government requests that Dr. Bennett be required to provide to the government a copy of his complete file regarding the defendant.  Finally, the government requests that the defendant be required to give permission for Dr. Vasile to contact any current and former treating psychiatrists and psychologists to answer any questions that may arise during Dr. Vasile's examination.

For the foregoing reasons, the government respectfully requests (1) that the defendant be ordered to submit to a psychiatric examination by Dr. Russell Vasile at his office at 25 Bay State Road, Suite 1, Boston, Massachusetts 02215, telephone (617) 437-9566, within thirty (30) days, at times mutually agreeable to Dr. Vasile and the defendant; (2) to provide the necessary releases to the government for Dr. Vasile to obtain her psychological and psychiatric treatment records and to speak to her treating psychologists and psychiatrists as necessary, and (3) to provide the government the complete file of Dr. Michael

Bennett, M.D. regarding his examination of the defendant.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                      By:  /s/ B. Stephanie Siegmann
                          B. Stephanie Siegmann
                          Assistant U.S. Attorneys

Dated:  April 27, 2005

### Certificate of Compliance with Local Rule 7.1 and Certificate of Service

    I do hereby certify that I have attempted to confer to narrow the issues set forth herein with Defendant Mary Ellen LaBrecque's counsel, Max Stern, Esq. and further certify that a copy of foregoing motion was served upon Attorney Stern by electronic notice on this 27th day of April 2005.

                                      /s/ B. Stephanie Siegmann
                                      B. Stephanie Siegmann
                                      Assistant U.S. Attorney