UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    Plaintiff,                          )<br>                                              )<br>    v.                                       )<br>                                              )<br>MARY ELLEN LABRECQUE,      )<br>    a/k/a ELLEN LABRECQUE )<br>    Defendant.                        )<br>_____) | CR No. 03-CR10381 NG |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
FOR MENTAL EXAMINATION AND OTHER RELIEF**

The government has moved for the following relief:

    a. A compelled psychiatric examination, purportedly pursuant to F.R.Crim.P.12.2(a) and 18 U.S.C. §4241 and 4242, "for purposes of: (1) determining whether the defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense: and (2) determining whether the defendant suffered from a mental disease or defect or mental condition bearing on the issue of her guilt for the crimes with which she is charged and/or bearing on her ability to understand the wrongfulness of her behavior or to control behavior she knew was wrongful."

    b. An order compelling the defendant to provide the government's psychiatrist with releases authorizing him to obtain all of her psychological and psychiatric treatment records; and

    c. The complete file of Dr. Michael Bennett, M.D., who has treated the defendant since 1992, and whom the defendant expects to call as a witness at trial.

The defendant opposes all of these requests. In opposition, defendant says as follows:

1. On April 12, defendant filed a notice pursuant to Rule 12.2 that she "intends to introduce expert evidence relating to her mental condition at trial." (Attachment A).

   2. Also, on April 12, defendant notified the government that:

> [1.] There are no reports or results of any mental examinations of the defendant.
>
> [2.] Defendant expects to call Michael Bennett, M.D. as an expert witness at trial. Dr. Bennett will testify on the basis of his knowledge of the defendant, which he has obtained in the course of his care and treatment of her since in or about 1992. Without limitation, he is expected to testify as follows: She has a diagnosis of Bipolar Disorder. He has treated her with psychotherapy and with various medications, including Lithium. She is a responsive, open and compliant patient. Her disorder involves mood swings, including both depressed and manic states. When suffering from a mood swing, and for a significant time afterward, the defendant would have impairment of her cognitive functions, including an inability to focus, distractability, and a tendency to be overly spontaneous, careless, and impulsive. When not symptomatic, however, she can be extremely productive. During the course of Dr. Bennett's treatment, the defendant also experienced other serious physical health, family and other personal problems, all of which exacerbated her mental condition and symptoms. In Dr. Bennett's opinion, the defendant, at various times, depending on the extent of her symptoms at the time, would be unable to form the mental state necessary to make a wilfully and knowingly false statement.

(Attachment B).

   3. Defendant has stated an intention to offer evidence of her medical condition <u>solely</u> to negative certain elements of the government's burden of proof, to wit, knowing and wilfulness. Accordingly, the only authority for ordering a psychiatric examination of the defendant is provided by Rule 12.2(c)(1)(B)(2d sentence), which provides:

> If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

No question has ever been raised as to defendant's present competence to stand trial and there is no basis for ordering an examination for this purpose. See <u>United States v. Visinaiz</u>, 96

Fed.Appx. 594, 598, 2004 WL 902328 (10th Cir. 2004).  Nor is there any issue of insanity at the time of the offense.  Defendant has not raised this defense – and, indeed (at the government's request) has confirmed that she does not (Attachments C&D); her choice not to do so must therefore be respected.  Id.; United States v. Marble, 940 F.2d 1543, 1548 (D.C. Cir. 1991)(decision of competent defendant not to raise insanity defense must be upheld).

    4.  If the defendant had raised an insanity defense, the first sentence of Rule 12.2(1)(B) would make the order for an examination mandatory, on the government's motion.  By contrast, the court's authority under the second sentence of the rule is discretionary.  The defendant has not caused any psychiatric examination to be conducted for purposes of this trial.  Instead, she proposes only to introduce the testimony of her treating psychiatrist, who, if called, will report on observations accumulated over a period of thirteen years.  This is not the sort of testimony that should require the defendant to be subjected to a government forensic examination.  Moreover, the government has notified the defendant that, since she does not plan to present an insanity defense, it will take the position that the testimony is "irrelevant and inadmissible," and will move to exclude it.  (Attachment C).  But the only purpose of the Rule 12.2 notice procedure is to enable the government to be prepared to meet expected trial evidence.  The government should not be permitted to utilize the notice as a pretext to compel the defendant to answer the questions of its expert, even though it has no intention of agreeing to the admissibility of expert testimony at trial, and then move to exclude the evidence.  To do so would violate defendant's rights under the Fifth Amendment.  See generally Estelle v. Smith, 451 U.S. 454 (1981).

5. If the Court does order an examination under the rule, the defendant requests the right to propose appropriate "procedures ordered by the court," in order to protect the defendant's rights. E.g. United States v. Sampson, 335 F.Supp.2d 166, 242-45 (D.Mass. 2004).

6. There is no basis for the request for production of Dr. Bennett's file on the theory that his notes are the "reports or results of any . . . mental examination" under Rule 16(b)(B). See United States v. Dennison, 937 F.2d 559, 566 (10th Cir. 1991):

> Dr. Siegal's notes on his discussions with defendant cannot be considered a medical report or result within the meaning of Rules 16(b)(1) and 16(b)(2). A medical report is an official statement of facts concerning a patient's condition; a medical result is a conclusion derived from facts gleaned during an examination. The materials turned over to the government here were verbatim notes taken from defendant's responses to Dr. Siegel's questions – notes that were "the raw material upon which a result or report – if [the doctor] were to prepare one – would be based."

(emphasis in original) (citations omitted). See also United States v. Layton, 90 F.R.D. 520, 522 (N.D.Cal. 1981) (tape recordings of defendant's psychiatric interviews not discoverable as medical report or result under Rule 16).

7. Furthermore, Dr. Bennett's notes are privileged under the patient-psychotherapist privilege recognized in Jaffee v. Redmond, 518 U.S. 1 (1996). The Rule 12.2 notice of intention to present expert testimony does not effect a waiver of this privilege. Defendant is not presenting an affirmative defense; the testimony will only negative elements of the government's burden. United States v. Sturman, 1998 WL 126066,*4 (S.D.N.Y. 1998) and authorities cited. The defendant "bears no burden regarding this evidence and may, in fact, choose not to pursue a psychiatric defense at trial." Id. "Unless and until [defendant] proceeds with such a defense at trial, [s]he cannot be said to have waived [her] rights under the psychotherapist-patient

privilege." Id. See also <u>United States v. Alvarez</u>, 519 F.2d 1036, 1047 (3d Cir. 1975)disclosure's made to attorney's expert protected until expert testifies).

    8. Similarly, any records of any other mental health professionals consulted by defendant are not within the scope of discovery and are privileged.

                                                Respectfully submitted,

                                                /s/ *Max D. Stern*
                                                Max D. Stern
                                                BBO No. 479560
                                                Stern, Shapiro, Weissberg
                                                 &amp; Garin, LLP
                                                90 Canal Street, Suite 500
                                                Boston, MA 02114-2022
                                                (617) 742-5800

Dated: May 4, 2005

G:\SSWG\LABRECQUE\Psych exam opp.wpd