# ATTACHMENT C



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

April 13, 2005

**Via Facsimile**

Max D. Stern, Esq.
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street
Boston, MA 02114

    Re:  United States v. Mary Ellen LaBrecque a/k/a
           Ellen LaBrecque
           <u>Criminal Action No. 03-10381-NG</u>

Dear Mr. Stern:

    This letter responds to the Defendant's Rule 12.2 notice and expert discovery provided to the Government yesterday and provides further discovery and information.

    Your notice fails to make clear whether you plan to present an insanity defense under 18 U.S.C. § 17. Please let me know as soon as possible if that is your intention. If it was, we intend to seek a mental examination of your client promptly. If it was not, we expect to move to exclude Dr. Bennett's testimony as irrelevant and inadmissible; and seek a mental examination of your client. <u>See</u> 18 U.S.C. §17 ("It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense"); Rule 704(b), Fed. R. Evid. (prohibiting expert witnesses from testifying about the mental state of a defendant in a criminal trial to "state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto").

Mr. Stern
April 13, 2005
Page 2

    Your notice is also deficient on the facts. The summary of the Dr. Bennett's testimony does not include the bases and reasons for his opinions or the time period for which Dr. Bennett believes the defendant was "unable to form the mental state necessary to make a wilfully and knowingly false statement." Without this information, I cannot even tell whether she was suffering from a mental defect at the time the charged false statements were made. Additionally, you state in your letter that there are no reports or results of any mental examination of the Defendant. However, in the following paragraph, you state that Dr. Bennett has been treating the Defendant since 1992, suggesting relevant treatment records exist. Please produce these records.

    Two other matters. A complete copy of LaBrecque's social security files were made prior to indictment in this case. Those documents were bates labeled and made available to the defense. In preparing for trial, I noticed that the original of LaBrecque's Application for Disability Insurance Benefits dated September 8, 1994 application is no longer contained in LaBrecque's social security file. I have a bates labeled copy of this application, which I have produced to you. I will introduce this copy at trial under Rule 1003. Second, several witnesses have informed the government that LaBrecque's use of her employer identification number ("EIN") was improper. However, Gabe Campos, Payment Manager at the Comptroller's Office, informed investigating agents that it was not unusual for sole proprietorships to use an EIN on some of the paperwork at the Commonwealth, but that a social security number should have been used on the tax withholdings certificate.

                        Sincerely,

                        MICHAEL J. SULLIVAN
                        United States Attorney

By: _____
    B. STEPHANIE SIEGMANN
    Assistant U.S. Attorney