

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 8, 2005

Max Stern, Esq.
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street
Boston, MA 02114

> Re: United States v. Mary Ellen LaBrecque a/k/a
>     Ellen LaBrecque
>     Criminal Action No. 03-10381-NG

Dear Attorney Stern:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Mary Ellen LaBrecque a/k/a Ellen LaBrecque ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date but in no event later than August 8, 2005, Defendant shall plead guilty to the attached Superseding Information charging her with theft of money belonging to the United States in violation of 18 U.S.C. §641. Defendant expressly and unequivocally admits that she in fact knowingly, intentionally, and willfully committed the crime charged in the Superseding Information and is in fact guilty of that offense. The government will dismiss the Indictment and Superseding Indictment at the time of sentencing.

2. Penalties

Defendant faces the following maximum penalties: 10 years imprisonment, a $250,000 fine, three years supervised release, restitution in the amount of loss, and a $100 special assessment.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005).  In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

> (a)    That the applicable Base Offense Level for theft of money belonging to the United States is 6 pursuant to U.S.S.G. §2B1.1(a); and
>
> (b)    That U.S.S.G. § 2B1.1 (b)(1)(C) authorizes a four-level increase because the amount of theft exceeded $10,000.

Assuming that the Court concurs with the parties and holds that Defendant's applicable guideline range falls within Zone A of the sentencing table, the U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

> (a)    Fails to admit a complete factual basis for the plea;
>
> (b)    Fails to truthfully admit her conduct in the offenses of conviction;

2

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about her financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.   Sentence Recommendation

Assuming that the Court concurs with the parties and holds that Defendant's applicable guideline range falls within Zone A of the sentencing table, the U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) 2 years probation;

3

        (b)   Fine at the low end of the sentencing range as determined by the Court (unless the Court finds pursuant to U.S.S.G. §5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to a pay a fine); and

        (c)   Mandatory special assessment of $100.

The parties both agree to recommend that an order of restitution as set forth below in paragraph 9 be imposed.

Defendant agrees that she will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which she intends to rely at sentencing not later than ten days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least ten days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves her right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

### 5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

### 6.   Notification of Assets for Payment of Restitution and Fine

Defendant agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

### 7.   Waiver of Hyde Amendment Claim

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that she might assert under this statute based in whole or in part on the U.S. Attorney's

4

agreement in paragraph 1 to dismiss the Indictment and
Superseding Indictment.

### 8.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their
respective calculations under the Sentencing Guidelines are not
binding upon the U.S. Probation Office or the sentencing judge.
Within the maximum sentence which Defendant faces under the
applicable law, the sentence to be imposed is within the sole
discretion of the sentencing judge.  Defendant's plea will be
tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Defendant may
not withdraw her plea of guilty regardless of what sentence is
imposed.  Nor may Defendant withdraw her plea because the U.S.
Probation Office or the sentencing judge declines to follow the
Sentencing Guidelines calculations or recommendations of the
parties.  In the event that the sentencing judge declines to
follow the Sentencing Guidelines calculations or recommendations
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing judge's calculations and sentence in any
subsequent appeal or collateral challenge.

### 9.   Restitution

Pursuant to Title 18, U.S.C. § 3663A, the Court shall order
Defendant to pay restitution for the full loss caused by
Defendant's conduct and not be limited to the amount alleged in
Count One of the Superseding Information.  Defendant further
agrees that any amount ordered by the Court to be paid as
restitution may not be discharged, in whole or in part, in any
bankruptcy proceeding.  Defendant understands that restitution is
mandatory without regard to Defendant's ability to pay because
the offense occurred after April 24, 1996.  Defendant agrees that
any restitution ordered by the Court will be due and payable
immediately, and Defendant will not attempt to avoid or delay
payment.

Defendant agrees that an order of restitution in the amount
of $34,808.00 is appropriate and further agrees to make full
payment of this amount to the Social Security Administration.

Pursuant to 18 U.S.C. § 3663A(a)(3), Defendant agrees to the
entry of an order in this amount.  Defendant understands and
agrees that this amount is in excess of the amount resulting from
her criminal conviction alleged in Count One of the Superseding
Information, and that this amount reflects monies due and owing
to the Social Security Administration as a result of the
Defendant receiving disability benefits to which she was not

5

entitled beginning in May 1999 and continuing until July 2003.

### 10. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning her assets.

### 11. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

### 12. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

### 13. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

6

14.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.  Complete Agreement

This letter contains the complete agreement between the parties.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral.  This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney B. Stephanie Siegmann.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JAMES B. FARMER, Chief
Anti-Terrorism & National
Security Section

_____
B. STEPHANIE SIEGMANN
Assistant U.S. Attorney

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

MARY ELLEN LABRECQUE a/k/a
ELLEN LABRECQUE
Defendant

Date: July 11 2005

I certify that Mary Ellen LaBrecque a/k/a Ellen LaBrecque, Defendant, has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

MAX STERN, Esq.
Attorney for Defendant

Date: July 11, 2005

8