2004071500144 Bk:23128 Pg:95
07/15/2004 09:33:00 MTG Pg 1/3

## MORTGAGE

THIS MORTGAGE made this 14th day of July, 2004, between Mary Ellen LaBrecque (hereinafter "Mortgagor") of 25 Barton Street, #3, Newburyport and the Clerk of the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts, (hereinafter "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond dated of even date for Mary Ellen LaBrecque (hereinafter "Defendant") in Criminal No. 03-10381-NG, in the amount of thirty-four thousand ($34,000) dollars executed by the Defendant and the Mortgagor in favor of the United States of America and the due observance and performance of the obligation, terms and conditions as set forth in an Order Setting Conditions of Release ("Release Order") dated July 2, 2004 and filed with the United States District Court for the District of Massachusetts in the Criminal Action No. 03-10381-NG, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor herein, for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an Escrow Agreement made this day between the Mortgagor, and the United States Attorney for the District of Massachusetts, and the Mortgagee, the Mortgagor hereby mortgages to the Mortgagee, with power of sale, the following parcel of real property, the following covenants thereon, situated, lying and being in the County of Suffolk, and more particularly described in the following deed:

A deed from Marguerite Remeysen and Paul W. Kowarick to Mary Ellen LaBrecque dated September 23, 1988 and recorded on September 23, 1988 in the Essex County Registry of Deeds at Book 9710 Page 317.

TOGETHER with all the improvements now or hereafter erected on the property, with all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR covenants with the Mortgagee as follows:

1. That the Mortgagor shall pay the indebtedness as hereinbefore provided.

*[Handwritten margin notes: "25 / 17"; "25 Barton St, Unit 3, Newburyport"; "PROP. 25 Barton St Unit 3 Newburyport"; "M. Ellen LaBrecque / 25 Barton St Unit 3 / Newburyport, MA 01950"]*

2004071500144 Bk:23128 Pg:96
07/15/2004 09:33:00 MTG Pg 2/3

-2-

2. That the Mortgagor will keep the Property insured against loss by fire or hazards included with the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor will assign and deliver the policies to the Mortgagee; and that the Mortgagor will reimburse the said Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor's default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the premises.

3. That the Mortgagor shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor.

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor, or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor will warrant and defend the title to the Property against all claims and demands.

2004071500144 Bk:23128 Pg:97
07/15/2004 09:33:00 MTG Pg 3/3

-3-

8. That the Mortgagor will create no further encumbrances of any kind against the premises above-described.

9. That the Mortgagor, in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagor to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this mortgage has been duly executed by the Mortgagor.

_____
Mary Ellen LaBrecque

---

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                July 14, 2004

Before me, personally appeared Mary Ellen LaBrecque of Newburyport, MA and deposed and said that she executed this foregoing Mortgage, and she fully acknowledged to me that she executed the same.

_____
Notary Public

My Commission Expires: 11/22/07



LISA H. DORFMAN
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires November 22, 2007